■ In the Matter of the Claim of SHIRLEY S. LAURIA, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Appeal from a decision of the Unemployment Insurance Appeal Board. Following the decision in *Matter of Shaw* (*Lubin*) (6 A D 2d 354, affd. 5 N Y 2d 1014) the Legislature, by chapter 783 of the Laws of 1960, amended the Labor Law (§ 593, subd. 1, par. [b]) to provide that a disqualification for benefits shall apply after a claimant's voluntary separation due to his marriage; or due to "following his spouse to another locality". Claimant's husband had moved from New York to Florida for his health and claimant, who had accompanied him, thereafter came back to work in New York where she had been previously employed. She later received sudden word that her husband had had a heart attack and, leaving her employment, she immediately went to Florida to be with him and to attend him. There is some issue about whether she was required to attend him all the time because a daughter was with him in the daytime; but it could be found that the wife in the interest of his health and care could reasonably wish to be with him nights. The Unemployment Insurance Appeal Board held that leaving of employment in these circumstances was for good cause. If a husband or wife is ill in the same neighborhood and reasonably needs the presence of the other spouse for care, leaving employment for this purpose could be found factually leaving for good cause. Good cause usually is regarded as a reason sufficient in ordinary circumstances of an urgent and personal nature to justify leaving employment; and the employee's own health or the health of close members of his family would ordinarily constitute such a justification. This is not merely "following a spouse to another locality" in the sense in which the Legislature used this clause which must be deemed, rather, a response to the Legislature's own view of the decision in the *Shaw* case. This language manifestly refers to leaving employment to go to another location with a spouse, no other sufficient reason being present. Decision affirmed, with costs to respondent. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur; Herlihy, J., concurs in the result.