■ In the Matter of the Claim of DOROTHY A. MOLONEY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 21, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying the claimant from receiving benefits because she voluntarily left her employment without good cause. The evidence before the representatives of the Industrial Commissioner at the local office indicates that the claimant had taken a leave of absence from her employment either for the purpose of furthering her education or to be near her mother who was very ill and not residing near her place of employment. In a summary of interview signed by the claimant and dated October 1, 1974 she stated that she was not needed to provide care for her mother, and in one dated September 24, 1974 she stated that she simply "wanted to be near her". At the referee's hearing she stated that she did not have to take care of any of her mother's needs, medically or otherwise. It was also brought out that the claimant's father and adult brother were living at home. Her final statement at the hearing was that she had resided away from home for many years and "owed her one year of my time at home". Upon the present record the notice to claimant that she was disqualified for a voluntary leaving of employment without good cause was

ample notice of all issues. The fact that the respondent's initial notice referred only to education not being good cause is of no concern in this case. The question of the illness of the claimant's mother was fully explored at all times and there was no failure of due process or providing a full and fair hearing on the issue. There can be no doubt that the claimant voluntarily severed her employment and the sole question for the board was good cause. The record contains substantial evidence to sustain the determination of the board. Although her mother apparently was serously ill, she was not needed at home, and the record establishes that her employment would have allowed her ample opportunity to visit her mother without having taken a year's leave of absence. (Cf. *Matter of Lauria [Catherwood]*, 18 AD2d 848.) Decision affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.