■ In the Matter of the Claim of VIRGINIA L. MACK, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 10, 1975, which adopted and affirmed a referee's decision sustaining an initial determination of the Industrial Commissioner holding claimant ineligible for benefits effective September 4, 1974 because she voluntarily left her employment without good cause. The claimant sustained a work-related hernia and following the operation to repair the condition, her surgeon issued a statement dated August 19, 1974 which said that she could resume her usual work as of September 3, 1974. On August 28, 1974 he issued a certificate that she could return to work on September 3, 1974 and did not note any restriction as to nature of work thereon. On August 29, 1974 the employer's physician approved her return to work. The claimant told the employer's doctor that she did not think she could return to the usual work which was lifting and ought to be transferred. He told her to do whatever they told her. She contacted the employer's personnel department and told them she did not think she should go back to her lifting employment and requested a transfer and thereupon it was mutually agreed that she was terminating her employment. The record establishes that she did terminate her employment and the referee so found. He found the question to be whether or not she had good reason to believe she was unable to do the work. He noted that the claimant had produced medical evidence that returning to the usual work would be harmful to her health and he accepted the fact of medical incapability. He then found: "It seems to me that claimant's abrupt termination at a time when she was still unable to resume her last employment was in the nature of a quit without good cause. There was no need for her to terminate her employment while disabled and I am satisfied that claimant was aware of this fact." While the claimant caused the termination of her employment by refusing to report to her usual work, the referee has found that she was disabled from that work. Accordingly, the finding of a "voluntary quit" is without support. If she could not work, she did not terminate her employment. There is no showing that she was surrendering any contractual employment rights by refusing to report to her usual employment while disabled. In any event, the disability would be good cause for a refusal to report to work and that refusal was the termination of the employment. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.