■ In the Matter of the Claim of SHARON MCKENNA, Appellant. COMMISSIONER OF LABOR, Respondent. [738 NYS2d 446] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 5, 2001, which, upon reconsideration, adhered to its prior decision ruling that, inter alia, claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant left her position as a teacher in this state in order to move to New Hampshire with her spouse. There, she was hired on a temporary basis in the position of teacher's aide. After she had been employed for four weeks, claimant was interviewed by the same school district for a position as a special education teacher. At the interview, claimant was asked if she would accept employment in the teacher's aide job on a permanent basis in the event that she did not get the job as a special education teacher. Claimant replied that she would not as she only wanted employment as a teacher. The employer did not hire claimant for the teaching job and, on the assumption that she had resigned from her position as a teacher's aide, hired someone else to fill that position as well.

The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment as a teacher's aide without good cause. Substantial evidence supports the Board's decision. Resigning in order to pursue other job opportunities has been found not to constitute good cause for leaving employment (see, Matter of Barry [Commissioner of Labor], 284 AD2d 701; Matter of Zipes [Town of Wappinger— Commissioner of Labor], 274 AD2d 819; Matter of Ishida [Commissioner of Labor], 249 AD2d 619).

Substantial evidence also supports the finding that claimant made willful false statements in order to obtain benefits. On her application for benefits, claimant responded to the question

of where she had been employed during the previous two years by failing to list her four weeks of work as a teacher's aide as part of her past employment, thereby intentionally concealing a pertinent fact of her employment history (*see, Matter of Magliaro [Commissioner of Labor]*, 252 AD2d 705). Her testimony that this omission was inadvertent created an issue of credibility for resolution by the Board (*see, Matter of Gillette [Commissioner of Labor]*, 264 AD2d 877).

Mercure, J.P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.