■ In the Matter of the Claim of GREGORY JEFFRIES, Appellant. COMMISSIONER OF LABOR, Respondent. [748 NYS2d 290] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 25, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed by a health club as a substitute aerobics instructor at a time when he was also employed on a full-time basis as an assistant vice-president at Paine Webber, Inc. After he was laid off from his position with Paine Webber under nondisqualifying circumstances, claimant continued his part-time employment as an aerobics instructor for another month. He then quit that job in order to relocate to his hometown of Chicago where he anticipated that it would be easier to find full-time employment. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving unemployment insurance benefits because his reasons for leaving his last employment were personal and noncompelling.

Substantial evidence supports the Board's decision. A claimant who resigns from employment while continuing work is available in order to search for other employment may be found to have left the previous position without good cause (*see Matter of McKenna [Commissioner of Labor]*, 291 AD2d 771; *Matter of Reda [Commissioner of Labor]*, 278 AD2d 612). This holds true even if, as in the matter under review, the claimant previously lost his or her full-time employment under nondisqualifying circumstances and thereafter voluntarily resigned from a part-time job (*see Matter of Bandman [Sweeney]*, 240 AD2d 810; *Matter of Pierce [Hudacs]*, 210 AD2d 727). Although claimant herein considers his disqualification to be unfair, under the circumstances presented here, his arguments in favor of a contrary conclusion are unavailing.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.