■ In the Matter of the Claim of GEORGE M. POLITO, Appellant. COMMISSIONER OF LABOR, Respondent. [759 NYS2d 207] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 27, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a part-time lifeguard for a fitness club at the same time that he was employed for a publishing company on a full-time basis. Shortly after he was discharged from his full-time employment on September 11, 2001 under nondisqualifying conditions, claimant decided to relocate to the City of Rochester, Monroe County, because he could not afford to continue living in New York City on his part-time salary. The Unemployment Insurance Appeal Board denied his subsequent application for unemployment insurance benefits finding that he voluntarily left his part-time employment without good cause and charged him with a recoverable overpayment of benefits because he made willful false statements to obtain benefits.

Although claimant lost his full-time employment under nondisqualifying circumstances, claimant quit his part-time employment in order to relocate without investigating whether his hours at the fitness club could be increased. Inasmuch as continuing work was available, we find substantial evidence supports the Board's decision that claimant voluntarily left his employment for personal and noncompelling reasons (see Matter of Jeffries [Commissioner of Labor], 298 AD2d 677 [2002]; Matter of Reda [Commissioner of Labor], 278 AD2d 612 [2000]). Furthermore, claimant's statements that he was unemployed as a direct result of the World Trade Center disaster, rather than due to the loss of his full-time position and plans to relocate, and his failure to disclose that continuing work was available to him supports the finding that he made willful false statements to obtain benefits (see Matter of Brill [Commissioner of Labor], 251 AD2d 948 [1998]).

Mercure, J.P., Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.