■ In the Matter of the Claim of VIRGINIA GANGI, Appellant. COMMISSIONER OF LABOR, Respondent. [761 NYS2d 353] —Cardona, P.J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 10, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a manager by a department store chain. Due to a back injury, she began an authorized medical leave of absence in November 2000 with an anticipated return date of May 17, 2001. By letter dated April 14, 2001, claimant's physician notified the employer's central disability office that claimant had suffered a mental breakdown and she was being medicated for a bipolar disorder. Furthermore, he indicated that she should be able to return to work in another two months "if she stabilizes on this level of medication." The

employer did not respond to that communication, however, it sent claimant a notice informing her that she was expected to return to work on May 17, 2001, but she could apply for an extension of her leave on or before May 3, 2001. Claimant did not apply for an extension and informed the employer that she would be returning to work on May 14, 2001. A few days before that date, however, claimant notified the employer that her psychological state had deteriorated, resulting in her inability to return to work as planned. A week later, the employer sent claimant a severance package. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because she left her employment without good cause.

While an employee's failure to return from an authorized leave of absence may disqualify him or her from receiving unemployment insurance benefits (*see Matter of Alvarado [Commissioner of Labor]*, 273 AD2d 563, 564 [2000]), an employee's health concerns can be found to constitute good cause for leaving employment (*see Matter of Lauria [Catherwood]*, 18 AD2d 848 [1963], *amended* 18 AD2d 1047 [1963]). "Good cause usually is regarded as a reason sufficient in ordinary circumstances of an urgent and personal nature to justify leaving employment * * *" (*id.* at 848).

Here, it is undisputed that claimant did not request an extension of her leave of absence by May 3, 2001 as required by her employer. However, it is clear from the record that claimant intended to return to work in May and did not suffer a deterioration in her condition until shortly before her return date and *after* the May 3, 2001 deadline for an extension request had passed. The proof establishing claimant's serious mental health condition and her inability to work during the relevant time period is uncontradicted (*see Matter of Mack [Ross]*, 54 AD2d 522 [1976]). It is also uncontradicted that claimant informed her supervisor of her condition and provided appropriate medical documentation (*cf. Matter of Alvarado, supra*). Under the circumstances, we find the record lacks a rational basis for the Board's conclusion that claimant is disqualified from receiving benefits because she did not take sufficient reasonable steps to protect her employment by requesting an extension of her leave. Therefore, the decision must be reversed.

Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is reversed, on the law, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.