■ In the Matter of the Claim of BEVERLY L. HICKS, Appellant. COMMISSIONER OF LABOR, Respondent. [776 NYS2d 346]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 22, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

At the end of April 2003, claimant lost her full-time job with a gas and electric company and applied for unemployment insurance benefits. Meanwhile, claimant asked to be removed from the May schedule of her part-time employment at a supermarket—which consisted of one or two days on the weekends—for a few weeks, citing the recent loss of her full-time employment

and family obligations. The employer complied with claimant's request. Thereafter, the Unemployment Insurance Appeal Board denied claimant's May 5, 2003 application for unemployment insurance benefits on the ground that she voluntarily left her employment with the supermarket without good cause, but remitted the matter for a further hearing as to whether claimant made willful false statements to obtain benefits. Claimant appeals and we reverse.

A review of the record establishes that there is insufficient evidence to support the Board's finding the claimant left her part-time employment. Claimant, who was the only person to testify at the hearing, consistently stated that she did not quit her job with the supermarket. Claimant simply asked to be removed from the schedule for a few weekends for personal reasons. Although it has been held that voluntarily resigning from a part-time job may disqualify a claimant from receiving benefits (*see Matter of Jeffries [Commissioner of Labor]*, 298 AD2d 677 [2002]), here there was no indication that claimant intended to sever the employment relationship and not return to work and, in fact, returned to work at the supermarket in June 2003 and was still employed with the supermarket at the time of the hearing. Therefore, we find no record support for the Board's finding that claimant quit her employment.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.