■ In the Matter of the Claim of WILLIAM J. LIGNOS, Appellant. COMMISSIONER OF LABOR, Respondent. [858 NYS2d 457]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 9, 2007, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant held a full-time job from April 1994 until November 2006, when he was laid off due to a lack of work. He also worked part time as a security officer for Securitas Security Services from December 2002 until November 2006. After claimant lost his full-time job, Securitas offered him full-time employment. Claimant, however, declined the offer and, after initially resigning from Securitas altogether, withdrew his resignation and reached an agreement whereby Securitas would occasionally call him to work on an as-needed basis. Under this arrangement, claimant was called by and worked for Securitas on several occasions.

Claimant certified for unemployment insurance benefits for the weeks ending November 19, 2006 through March 18, 2007 and received benefits totaling $5,973.75. The Unemployment Insurance Appeal Board thereafter ruled, among other things, that claimant was disqualified from receiving benefits on the basis that he had voluntarily left his employment with Securitas without good cause. The Board further found that claimant had made a willful misrepresentation and charged him a recoverable overpayment. Claimant now appeals.

We affirm. While it appears as though claimant lost his full-time job under nondisqualifying circumstances, the record reveals that he stopped working part time for Securitas because he felt that he could make more money collecting benefits than he could working in that capacity. Accordingly, substantial evidence supports the Board's decision that claimant voluntarily left his employment due to personal and noncompelling reasons (*see Matter of Polito [Commissioner of Labor]*, 304 AD2d 967 [2003]). Moreover, inasmuch as claimant certified that he had not worked during the week including February 12, 2007, when indeed he had, substantial evidence also supports the Board's conclusion that claimant made a willful misrepresentation, thereby justifying the imposition of a recoverable overpayment (*see Matter of Tubiak [Commissioner of Labor]*, 39 AD3d 992, 992-993 [2007]).

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.