Matter of Oliver (Commissioner of Labor) (2021 NY Slip Op 04411)





Matter of Oliver (Commissioner of Labor)


2021 NY Slip Op 04411


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

532744
[*1]In the Matter of the Claim of Edward Oliver, Appellant. Commissioner of Labor, Respondent.

Calendar Date:June 17, 2021

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Legal Services of Central New York, Syracuse (Olivia Fontana of counsel), for appellant.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 21, 2020, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
Claimant worked as an assembly operator for a manufacturing company. On September 5, 2019, he was admitted to an inpatient rehabilitation facility for mental health and substance abuse treatment. On that date, he informed the employer's human resources manager that he would be out of work for one week and asked her to send certain paperwork to a fax number that, it turned out, belonged to the disability insurance company. The manager indicated that she would do so and asked him to keep her advised of his status. After the manager sent the paperwork to the company, the company advised her that claimant's physician estimated that claimant would return to work on October 7, 2019. When claimant did not return to work on that date, the manager sent a letter to claimant at his home address advising that he needed to notify her of his status by October 16, 2019 or he would be considered to have voluntarily resigned from his position. When claimant did not respond, the manager sent another letter to the same address advising claimant that he was deemed to have voluntarily resigned from his position. Claimant remained at the facility in treatment until November 7, 2019 and did not retrieve his mail until he was released. He contacted the employer about one week before his release date and was told that he had been let go.
Claimant applied for unemployment insurance benefits and the Department of Labor issued an initial determination disqualifying him from receiving them on the ground that he voluntarily left his employment without good cause. This determination was upheld by an Administrative Law Judge following a hearing, and later by the Unemployment Insurance Appeal Board. Claimant appeals.
"Although we recognize that the determination of whether an employee voluntarily left his or her employment without good cause constitutes a factual question for the Unemployment Insurance Appeal Board to resolve, there nevertheless must be substantial evidence in the record to support the Board's decision in that regard" (Matter of Viruet [McKenzie, McGhee & Harper — Sweeney], 245 AD2d 707, 708 [1997]). It is undisputed that, from September 5, 2019 until November 7, 2019, claimant was residing at an inpatient facility where he was receiving mental health and substance abuse treatment. Following claimant's admission, all communications regarding claimant's health-related absence were between the disability insurance company and the employer's human resources manager, and claimant assumed that the company had kept her informed of his status. Although the company informed the manager that claimant was expected to return to work on October 7, 2019, she admittedly did not make any inquiries from the company as to why [*2]claimant did not return on this date even though she knew that he was undergoing some type of medical treatment. During his treatment, claimant was discouraged from communicating with outside individuals as such communications had to be facilitated by his counselor. He contacted the employer when he had an established release date and was told that his job was not available. Claimant testified that he did not receive his mail while in the treatment facility and that he fully intended to return to his job once he was released.
Under the circumstances presented, we cannot conclude that claimant was on notice that he would lose his job if he did not contact the employer by October 16, 2019. The manager failed to make a meaningful inquiry to determine the reason for claimant's continued absence and there is no evidence that claimant intended to sever the employment relationship. Accordingly, on the record before us, we find that substantial evidence does not support the Board's decision disqualifying claimant from receiving benefits on the basis that he voluntarily left his employment without good cause (see Matter of Hicks [Commissioner of Labor], 7 AD3d 861, 862 [2004]; see also Matter of Gangi [Commissioner of Labor], 306 AD2d 581, 582 [2003]; compare Matter of Cunningham [Commissioner of Labor], 126 AD3d 1208, 1209 [2015]).
Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.