Matter of Watts (Commissioner of Labor) (2025 NY Slip Op 02981)

Matter of Watts (Commissioner of Labor)

2025 NY Slip Op 02981

Decided on May 15, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 15, 2025

CV-24-0473
[*1]In the Matter of the Claim of Charline E. Watts, Appellant. Commissioner of Labor, Respondent.

Calendar Date:April 18, 2025

Before:Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ.

Charline E. Watts, Brooklyn, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 16, 2024, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
In June 2023, claimant, a clinical research coordinator for a cancer institute, informed, among others, the vice president of clinical research that she had been accepted into nursing school. The vice president advised claimant that she could not continue in her present full-time position while attending school but a per diem position could be created for her. Claimant began classes on September 8, 2023. On September 11, 2023, the vice president notified claimant that she had obtained approval to proceed with posting the per diem role but would need a resignation letter from claimant stating her last day of work in order to do so. Claimant submitted a letter on September 12, 2023 resigning effective September 27, 2023, following the use of certain accrued leave. According to claimant, she resigned with the understanding that, in accordance with the employer's general policy, the per diem position had to be approved and posted prior to her being able to apply for it, and no set start date or salary for the position had been determined. About two weeks after her resignation was effective, on October 12, 2023, the per diem position had not yet been posted and claimant applied for unemployment insurance benefits.
Claimant received one payment of benefits in early November 2023 before the Department of Labor issued an initial determination finding that claimant was disqualified from receiving unemployment insurance benefits because she had voluntarily separated from her employment without good cause and charging her with a recoverable overpayment. At the hearing that followed, the vice president noted organization-wide delays with getting new positions posted and maintained that the employer was committed to formally hiring claimant for the per diem role once the administrative process was complete and the position could be posted. In a decision filed December 14, 2023, an Administrative Law Judge sustained that part of the initial determination disqualifying claimant from receiving benefits but concluded that the overpayment was not recoverable. Claimant's administrative appeal of that decision was received by the Unemployment Insurance Appeal Board on January 22, 2024. In a February 16, 2024 decision, the Unemployment Insurance Appeal Board dismissed claimant's appeal as untimely, continuing in effect the December 2023 decision (see Labor Law § 621 [1]). Claimant applied to the Board for reopening and reconsideration and appealed that decision to this Court.
Meanwhile, according to claimant's brief and certain documents submitted to this Court therewith, claimant was formally hired for the per diem role in February 2024. Additionally, while this appeal and the Board application were pending, the Board reopened [*2]upon its own motion and, by decision filed November 25, 2024, affirmed the Administrative Law Judge's December 2023 decision on the merits.[FN1]
We affirm. "Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence" (Matter of Kalcheva [Molloy Univ.-Commissioner of Labor], 224 AD3d 1077, 1078 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see Matter of Antonaros [Commissioner of Labor], 223 AD3d 1077, 1077 [3d Dept 2024]). "It is well established that resigning from a position in order to pursue academic studies, while commendable, constitutes a personal and noncompelling reason for separating from one's employment, disqualifying a claimant from receiving unemployment insurance benefits" (Matter of Martinez [Commissioner of Labor], 222 AD3d 1099, 1100 [3d Dept 2023] [citations omitted]). To the extent that claimant contends that the reason she resigned from her research coordinator position was to take the per diem position, it is not disputed that claimant both understood the employer's policy of requiring current employees to apply for all new positions and promotional opportunities and was aware that the per diem position being created for her had not yet been approved or posted. Leaving employment without a firm job offer, most significantly, here, a start date for that new employment, does not constitute good cause (see Matter of Brewton [Commissioner of Labor], 118 AD3d 1049, 1050 [3d Dept 2014]; Matter of McKenna [Commissioner of Labor], 291 AD2d 771, 771 [3d Dept 2002]; Matter of Barry [Commissioner of Labor], 284 AD2d 701, 701 [3d Dept 2001]). As claimant resigned her position without good cause while continuing work as a research coordinator was available, the Board's determination will not be disturbed (see Matter of Tamanna [Commissioner of Labor], 213 AD3d 1104, 1106-1107 [3d Dept 2023]; Matter of Lamo [Commissioner of Labor], 205 AD3d 1297, 1298 [3d Dept 2022]). To the extent that claimant takes issue with the hours of work she has since received in the per diem position, that matter is not properly before us.
Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The merits of the November 2024 decision are reviewable by this Court on the instant appeal as claimant is aggrieved by that decision in essentially the same manner as she was by the appealed-from decision (see Matter of Naher [Commissioner of Labor], 224 AD3d 1202, 1203 [3d Dept 2024]; Matter of Tracy [Commissioner of Labor], 145 AD3d 1218, 1219 n [3d Dept 2016]).