■        In the Matter of the Claim of HAROLD BURTON, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 11, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective August 23, 1974 because he voluntarily left his employment without good cause. Good cause for voluntary leaving of employment is a question of fact within the purview of the board and its decision, if supported by substantial evidence, should not be disturbed *(Matter of Famulare [Catherwood],* 34 AD2d 705). There was substantial evidence to support the board's finding that claimant, although told to report for work on September 3, 1974, did not contact his employer until the middle of October and made no effort to protect his job by communicating with the employer during his absence. Under the circumstances, his taking of an unauthorized leave of absence was equivalent to a voluntary leaving of employment without good cause so as to disqualify him from receiving unemployment insurance benefits *(Matter of Biear [Levine],* 49 AD2d 980). Decision affirmed, without costs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.

■        In the Matter of the Claim of EVELINA SCHIAVO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 25, 1975, which adopted and affirmed a referee's decision sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that she voluntarily left her employment without good cause. The claimant at the hearing held before the referee testified that the employer had terminated the employment by directing her to leave. The employer testified that the claimant had informed him that she was leaving and that he did not terminate the employment. The testimony created issues of fact for the board as to the circumstances surrounding the termination of the employment and as to good cause for the claimant's action. The determination is supported by substantial evidence and, accordingly, must be affirmed (Labor Law, § 623). Decision affirmed, without costs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.