Petitioner was convicted in 1995 of attempted burglary in the second degree after he unlawfully entered the home of a 94-year-old woman for the purpose of taking money and jewelry. He was on parole at the time. Petitioner was sentenced as a persistent violent felony offender to six years to life in prison. In November 2004, he made his third appearance before the Board of Parole. At the conclusion of the hearing, the Board denied his release and ordered him held for an additional 24 months. Following the administrative affirmance of the Board's decision, he commenced this CPLR article 78 proceeding. Supreme Court thereafter dismissed the petition, resulting in this appeal.

We reject petitioner's assertion that the Board's decision is arbitrary and capricious as the record discloses that the Board considered the appropriate statutory factors in making its decision (*see* Executive Law § 259-i), including the serious nature of petitioner's crime, his pattern of prior criminal conduct, accomplishments while in prison and postrelease plans (*see Matter of Flood v Travis*, 17 AD3d 757, 757 [2005]). The fact that petitioner obtained a certificate of earned eligibility did not entitle him to discretionary parole release (*see Matter of Pearl v New York State Div. of Parole*, 25 AD3d 1058, 1058 [2006]). Moreover, there is no indication that the Board considered petitioner's use of a weapon in making its decision as this prior inaccuracy in petitioner's file was corrected by the time of his third appearance (*see Matter of Wood v Dennison*, 25 AD3d 1056, 1057 [2006]). Likewise, there is nothing to suggest that the Board's decision is the product of an informal executive policy of denying parole to violent felons (*see id.* at 1057). Inasmuch as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), there is no reason to disturb it.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

■ In the Matter of the Claim of MERCEDES RODRIGUEZ, Appellant. COMMISSIONER OF LABOR, Respondent. [814 NYS2d 394]—

Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed May 23, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, a hotel housekeeper, took an approved two-week vacation to Puerto Rico in March 2004. While there, she learned of a dispute concerning taxes owed on her Puerto Rican property and notified the employer she would be a week late in returning. Subsequent delays in resolving the tax issue caused claimant to again notify the employer in April and May that she could not yet return. On July 8, 2004, two months after last contacting the employer, claimant reported to work and was informed that she was considered to have abandoned her job. Under such circumstances, substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant voluntarily left her employment without good cause (*see Matter of Jimenez [A&L Pen Mfg. Corp.—Commissioner of Labor]*, 27 AD3d 941, 942 [2006]; *Matter of Imran [Sweeney]*, 212 AD2d 927, 928 [1995]; *Matter of Burton [Levine]*, 51 AD2d 840, 840 [1976]).

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.