■ In the Matter of the Claim of MARIE A. ARDITO, Appellant. COMMISSIONER OF LABOR, Respondent. [678 NYS2d 699] —Ap-

peal from a decision of the Unemployment Insurance Appeal Board, filed November 14, 1997, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Following a two-week medical leave of absence, claimant, a data entry clerk, failed to return to work or contact the employer for an additional three weeks. The Unemployment Insurance Appeal Board denied claimant's application for unemployment insurance benefits on the ground that she lost her employment under disqualifying conditions. Failure to return to work or contact one's employer after the expiration of an authorized leave of absence has been held to constitute conduct which disqualifies an employee from receiving unemployment insurance benefits (*see, e.g., Matter of Romano [Sweeney]*, 239 AD2d 690; *Matter of Juarez [Sweeney]*, 231 AD2d 774). While claimant testified that she continued to have medical difficulties following the expiration of her leave of absence, the record demonstrates that she nevertheless failed to contact the employer or have anyone else do so on her behalf. Under the circumstances presented here, we conclude that the Board's decision that claimant engaged in disqualifying misconduct is supported by substantial evidence. Claimant's contention that she was denied the right to submit relevant documentary evidence is belied by the record, which reveals that claimant never specifically offered the letters from her physician notwithstanding her opportunity during the hearing to submit any relevant proof.

Mikoll, J. P., Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.