■ In the Matter of the Claim of JOHN G. LIONETTI, Respondent. NEWSDAY, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [689 NYS2d 753] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 26, 1998, which, upon reconsideration, adhered to its prior decision ruling that claimant was entitled to receive unemployment insurance benefits.

After 19 years of employment without incident, claimant was discharged from his job as a maintenance mechanic for allegedly falsifying his payroll record. The Unemployment Insurance Appeal Board, reversing the decision of the Administrative Law Judge, ruled that claimant was entitled to receive benefits and we affirm. We find substantial evidence in the record to support the Board's conclusion that claimant's actions did not rise to the level of misconduct and constituted a mere mistake.

Claimant was scheduled to work overtime from 4:00 A.M. to 8:00 A.M. in addition to his regular shift of 8:00 A.M. to 4:00 P.M. Claimant signed his time sheet to reflect these hours prior to actually working them, which was not an unheard of practice and, on occasion, was requested by the employer. Upon arriving 1½ hours late, claimant used his access card and walked past cameras, which were known to document an employee's arrival time.

The Board credited claimant's testimony that he forgot to correct the time sheet error when he arrived at work or inform the employer of the fact that he was late. It was within the Board's province to resolve any credibility issues (*see, Matter of Nicotra [Brylin Hosps.—Commissioner of Labor]*, 249 AD2d 863), even if such resolution was different than that reached by the Administrative Law Judge (*see, Matter of Phillips [Commissioner of Labor]*, 257 AD2d 867). Finally, the Board was not bound by the labor arbitration decision regarding claimant's discharge which was issued subsequent to the Board rendering its decision (*see, Matter of Duffy [Initial Cleaning Servs.—Sweeney]*, 231 AD2d 770).

Mikoll, J. P., Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.