■ In the Matter of the Claim of PIROOZ NIKKHAH, Appellant. COMMISSIONER OF LABOR, Respondent. [697 NYS2d 353] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 6, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a line cook, notified the employer that he had been advised by his doctor to remain out of work from April 3, 1998 to April 10, 1998. Claimant, however, failed to return to work as scheduled or contact the employer until April 16, 1998, when he was advised he had been terminated as of April 13, 1998. Claimant's supervisor testified that his numerous telephone calls to claimant were not returned. Inasmuch as an employee's failure to return to work or contact one's employer after the expiration of an authorized leave of absence has been held to constitute disqualifying misconduct (*see, Matter of Ardito [Commissioner of Labor]*, 254 AD2d 562), we conclude that substantial evidence supports the decision of the Unemployment Insurance Appeal Board denying claimant's application for unemployment insurance benefits. Although claimant testified that he had contacted the employer, this sharply conflicting testimony merely presented a credibility issue for the Board to resolve (*see, Matter of Fahey [Commissioner of Labor]*, 257 AD2d 877).

Cardona, P. J., Mikoll, Yesawich Jr., Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.