■ In the Matter of the Claim of ROBERT C. BARRETT, Respondent. EASTMAN KODAK COMPANY, Appellant; COMMISSIONER OF LABOR, Respondent. [704 NYS2d 722] —Cardona, P. J. Appeal from a decision of the Unemployment Insurance Appeal

Board, filed January 19, 1999, which ruled that claimant was entitled to receive unemployment insurance benefits.

While employed as a general service mechanic, claimant sustained an injury to his right hamstring muscle rendering him unable to work for several months. Upon his return, claimant's physician placed medical restrictions on his activities. The employer initially accommodated claimant by allowing him to undertake light-duty activities at a reduced schedule of four hours per day. After conducting video surveillance of claimant engaged in activities allegedly inconsistent with his medical limitations, the employer terminated claimant's employment.

The employer opposed claimant's application for unemployment insurance benefits on the ground that claimant engaged in disqualifying misconduct by misrepresenting the severity of his medical injury. A hearing was conducted before an Administrative Law Judge (hereinafter ALJ) at which claimant and two representatives of the employer testified. Prior to closing arguments, the employer requested that claimant's supervisor be permitted to testify and that the ALJ view video surveillance tapes taken of claimant. Both requests were denied. The ALJ subsequently ruled that claimant was entitled to receive unemployment insurance benefits and that decision was upheld by the Unemployment Insurance Appeal Board resulting in this appeal.

The employer contends that the ALJ's denial of its requests to present the testimony of claimant's supervisor and the video surveillance tapes deprived it of a full and fair evidentiary hearing. Initially, we note that the employer failed to preserve this argument inasmuch as there was no objection when the ALJ denied the requests (*see, Matter of Acabeo [New York City Bd. of Educ.—Sweeney]*, 234 AD2d 851). Even if we were to consider the merits of these claims, we would not conclude that the ALJ committed error. The technical rules of evidence are inapplicable to hearings regarding unemployment insurance benefits (*see*, Labor Law § 622 [2]; 12 NYCRR 461.4 [a]; *Matter of Neville [Commissioner of Labor]*, 264 AD2d 918; *Matter of Campos [Commissioner of Labor]*, 253 AD2d 935). Based upon a review of the record, submission of the testimony of claimant's supervisor as well as the video surveillance tape could reasonably be considered cumulative and redundant in light of the other evidence presented at the hearing.

The testimony of the employer's human resources representative detailed the circumstances of claimant's dismissal. The witness related that, after gaining suspicion that claimant had

exaggerated his injuries, the employer decided to conduct video surveillance which depicted claimant engaged in activities inconsistent with his medical restrictions. In addition, a medical report prepared by Charles Heck, a physician who evaluated claimant's condition after viewing the video surveillance tape, was admitted into evidence. The report set forth in detail all of the activities claimant participated in while being taped and concluded with Heck's medical opinion that claimant was not disabled. In deciding that claimant was entitled to benefits, the ALJ apparently discounted this evidence in favor of the contrary medical evidence contained in the record. Inasmuch as we cannot say that this was error, we find no reason to disturb the Board's decision.

Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.