■ In the Matter of the Claim of DOUGLAS W. TUCEK, Appellant. BIG V SUPERMARKETS, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [715 NYS2d 120] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed August 27, 1999, which denied claimant's application for reconsideration of a prior decision of the Board, and (2) from decision of said Board, filed September 27, 1999, which charged claimant with a recoverable overpayment of unemployment insurance benefits.

In a decision filed December 8, 1997, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment as a stock clerk was terminated due to misconduct.

---

This decision was later affirmed by this Court (254 AD2d 667). Thereafter, in July 1999, claimant requested that the Board reopen and reconsider its December 1997 decision based upon an arbitration consent award in which the employer agreed to reinstate claimant without back pay. The arbitrator did not make independent factual findings but instead set forth the terms of the settlement agreement between the employer and the union. By decision filed August 27, 1999, the Board denied claimant's application to reopen its December 1997 decision. By decision filed September 27, 1999, the Board affirmed a separate decision of the Commissioner of Labor assessing claimant with a recoverable overpayment of $7,800 in unemployment insurance benefits. Claimant now appeals these latter two decisions and we affirm.

Significantly, whether to grant an application to reopen a decision is within the discretion of the Board and, absent an abuse of that discretion, the Board's decision will not be disturbed (*see, Matter of Wolff [Commissioner of Labor]*, 252 AD2d 714, 715). Here, claimant has failed to demonstrate any abuse of discretion on the part of the Board in denying his application to reopen and reconsider its prior decision. Notably, the Board is not bound by arbitration decisions regarding claimant's discharge issued subsequent to the time the Board rendered its decision (*see, Matter of Lionetti [Newsday Inc.— Commissioner of Labor]*, 261 AD2d 753, 754). In any event, since the subject consent arbitration decision simply formalized a negotiated agreement, the Board would not have been bound by it regardless of the timing thereof as there were no factual findings made by the arbitrator that could bind the Board (*see, Matter of Briem [Ross]*, 71 AD2d 752, *affd* 52 NY2d 842; *see also, Matter of Napolitano [Commissioner of Labor]*, 264 AD2d 928; *cf., Matter of Ranni [Ross]*, 58 NY2d 715, 717). Finally, given the Board's finding in its December 1997 decision that claimant lost his employment through disqualifying misconduct, we find no reason to disturb the decision that claimant received a recoverable overpayment pursuant to Labor Law § 597 (4) (*see, Matter of Stock [Commissioner of Labor]*, 249 AD2d 662).

Mercure, J. P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.