■ In the Matter of the Claim of ROD SIMPSON, Appellant. COMMISSIONER OF LABOR, Respondent. [753 NYS2d 756] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 3, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a dish washer/bus boy after he failed to report to work as scheduled despite having been warned that he was close to exceeding the number of absences permitted by the employer's absentee policy. The Unemployment Insurance Appeal Board, reversing the decision of the Administrative Law Judge, ruled that claimant lost his employment under disqualifying circumstances. We affirm. Claimant testified that he called his manager and told him he would be late because he had missed his regular bus. Although the manager told claimant to try to get to work, claimant returned home when he realized that he would not be able to get to work until the last two hours of his shift. Although the Board assessed claimant's credibility differently than the two Administrative Law Judges who previously granted claimant's request for unemployment insurance benefits, it is within the exclusive province of the Board to resolve any credibility issues (*see Matter of Lionetti [Newsday, Inc.—Commissioner of Labor]*, 261 AD2d 753; *Matter of Elewa [Commissioner of Labor]*, 249 AD2d 618). Under these circumstances, there is substantial evidence to support the Board's

decision that claimant lost his employment due to disqualifying misconduct (*see Matter of Foster [South Nassau Communities Hosp.—Hudacs]*, 192 AD2d 1010).

Peters, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.