■ In the Matter of the Claim of BELA RAYKINA, Appellant. COMMISSIONER OF LABOR, Respondent. [757 NYS2d 150] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 6, 2002, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as the site manager of a senior citizens' center until she began an approved disability leave of absence relating to her anxiety disorder and panic attacks. Three months later, when claimant failed to return to work at the scheduled end of her leave, the employer dismissed her. Claimant stated on her subsequent application for unemployment insurance benefits that her employment had ended due to lack of work. The Unemployment Insurance Appeal Board ultimately held that claimant was disqualified from receiving benefits because she had voluntarily left her employment without good cause. She was, in addition, charged with a recoverable overpayment of benefits based upon her misrepresentation that lack of work had caused her unemployment.

The failure to return to work or to contact the employer following the expiration of an authorized leave of absence may disqualify a claimant from receiving unemployment insurance benefits (*see Matter of Cranston [Commissioner of Labor]*, 294 AD2d 694 [2002]; *Matter of Alvarado [Commissioner of Labor]*, 273 AD2d 563, 564 [2000]). In the instant matter, substantial evidence in the form of the testimony presented by the employer's representative supports the Board's finding that claimant did not return to her employment at the end of her authorized leave nor did she contact her employer prior thereto. Claimant testified to the contrary, asserting that she had attempted to call her supervisor several times on a date two weeks before the end of her leave for the purpose of stating that she was ready to resume her position. She was, however, unable to reach her supervisor. Copies of claimant's telephone records appear to support this assertion. Claimant further testified that she conversed by phone with her supervisor the day before her leave ended, but was then informed that her job was no longer available. This sharply conflicting testimony raised issues of credibility that were within the discretionary power of the Board to resolve (*see Matter of Nikkhah [Commissioner of Labor]*, 264 AD2d 896, 897 [1999]). As substantial ev-

idence supports the Board's finding that claimant left her employment without good cause and that she thereafter made false statements to obtain benefits, its decision will not be disturbed.

Peters, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.