■ In the Matter of the Claim of ALESYA FURMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [758 NYS2d 424] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 28, 2002, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

In December 2000, claimant requested a six-month leave of absence in order to undergo cosmetic surgery in Russia. This leave was not approved, however, claimant was authorized for two weeks of vacation. Claimant did not return from her authorized vacation leave on the expected date. Claimant contends that while in Russia, she notified the employer that she was unable to return to this country because she was suffering from a severe case of pneumonia. The employer contends that its requests for medical documentation of claimant's condition were ignored, although the record contains documentary evidence supporting her assertion that a memorandum from her physician was sent to the employer by fax. In any event, by the time claimant returned from Russia, six months later, the employer had shut down the location where she had worked. Claimant applied for and received unemployment insurance benefits, stating on her application that she was unemployed due to lack of work when the employer closed its local operation.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was disqualified from receiving benefits because she left her employment without good cause. The failure to return from an authorized leave of absence may disqualify a claimant from receiving benefits (see Matter of Cranston [Commissioner of Labor], 294 AD2d 694 [2002]; Matter of Juarez [Sweeney], 231 AD2d 774 [1996]), as may the failure to submit medical documentation to support the need for an extended medical leave of absence (see Matter of Ramirez [Commissioner of Labor], 285 AD2d 925, 926 [2001]). To the extent that claimant's version of the events is at variance with that of the employer, this presented an is-

sue of credibility for resolution by the Board (*see Matter of Nikkhah [Commissioner of Labor]*, 264 AD2d 896, 897 [1999]).

Substantial evidence further supports the Board's ruling that claimant made willful false statements to obtain benefits. The statement on claimant's unemployment insurance benefit application that she was unemployed due to lack of work was patently false in that her employment had already been terminated by her abandonment of her position. Hence, the unemployment insurance benefits paid to claimant were properly found to be recoverable (*see Matter of Blankenship [Commissioner of Labor]*, 282 AD2d 861, 862 [2001]). The remaining issues raised herein have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.