■ In the Matter of the Claim of TRUDY OAKFORD, Appellant. COMMISSIONER OF LABOR, Respondent. [759 NYS2d 917] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 15, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was working as a receptionist for a law firm when she planned a trip to France and requested permission to take five vacation days. As claimant had already used all but four of her annual vacation days, the employer gave her permission to take four days off. Claimant nonetheless was absent from work for five business days. Upon her return, the employer notified claimant that her employment had ended. The Unemployment Insurance Appeal Board subsequently ruled that claimant had lost her employment under disqualifying circumstances.

Substantial evidence supports the Board's decision. It is well settled that the failure to return to work on time following an authorized leave of absence may disqualify a claimant from receiving unemployment insurance benefits (*see Matter of Furman [Commissioner of Labor]*, 304 AD2d 953 [2003]; *Matter of Cranston [Commissioner of Labor]*, 294 AD2d 694 [2002]). To the extent that claimant's testimony regarding the events leading to the end of her employment was at variance with that presented on behalf of the employer (e.g., she avers that the employer did not specifically deny her permission to take off five days), these discrepancies presented issues of credibility for resolution by the Board (*see Matter of Wilder [Commissioner of Labor]*, 271 AD2d 789 [2000]), which was not bound by the Administrative Law Judge's findings (*see Matter of Simpson [Commissioner of Labor]*, 301 AD2d 1005 [2003]). Claimant's remaining contentions have been examined and found to be without merit.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.