■ In the Matter of the Claim of Liza M. Maricle, Appellant. Commissioner of Labor, Respondent. [790 NYS2d 328]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 17, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Upon completion of a medical leave of absence following hand surgery for carpal tunnel syndrome, claimant was cleared by her physician to return to a light-duty position with her employer on August 12, 2002. On August 8, 2002, claimant notified her supervisor's administrative assistant that although her doctor cleared her to return to work on August 12, 2002, she would not be doing so because she was still in pain. Claimant was out of town on August 12, 2002 when her supervisor returned from his vacation and, when she finally spoke with him on August 14, 2002, he recommended that she remain out of work until she received medical clearance to return, apparently unaware of her physician's statement approving her return on August 12, 2002. Claimant never returned to work thereafter and, in fact, enrolled in a program to obtain a nursing degree. She applied for unemployment insurance benefits on August 16, 2002 and represented that she had been fired from her position. Although she initially received benefits, the Unemployment Insurance Appeal Board ultimately disqualified her after concluding that she voluntarily left her employment without good cause. The Board also charged her with a recoverable overpayment of benefits and reduced her right to receive

future benefits upon finding that she made a willful misrepresentation to obtain benefits. Claimant now appeals.

Notably, the failure to report to work after an authorized leave of absence may disqualify a claimant from receiving unemployment insurance benefits (*see Matter of Raykina [Commissioner of Labor]*, 304 AD2d 940, 940 [2003]; *Matter of Furman [Commissioner of Labor]*, 304 AD2d 953, 953 [2003]). Here, claimant did not report to work on August 12, 2002 following the expiration of her medical leave or any time thereafter even though her physician certified her ability to do so. It is undisputed that suitable work was available for claimant during this time, but that she was out of town on the date she was approved to return and had enrolled in a nursing program that conflicted with her work schedule. Under these circumstances, substantial evidence supports the Board's finding that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause (*see Matter of Petrillo [Sweeney]*, 224 AD2d 855 [1996]; *compare Matter of Gangi [Commissioner of Labor]*, 306 AD2d 581 [2003]). Further, we find no reason to disturb the Board's finding that claimant made a willful misrepresentation given that she stated that she was fired from her position even though continuing work was available to her.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.