In the Matter of the Claim of ABDELJALIL ENNEDDAM, Appellant. COMMISSIONER OF LABOR, Respondent. [798 NYS2d 581]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 26, 2004, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a driver for a limousine company for nearly three years. On May 23, 2004, he reported to work at his regular time of between 4:30 A.M. and 5:00 A.M. and waited several hours for a driving assignment. The dispatcher told him that if he was unhappy with the situation, he could go home. Claimant left his job and subsequently applied for unemploy-

ment insurance benefits, stating in his application that he was unemployed due to a lack of work. Although he was initially awarded benefits of $1,885.75, the Unemployment Insurance Appeal Board ultimately disqualified him from receiving benefits on the basis that he voluntarily left his employment without good cause. It also charged him with a recoverable overpayment of benefits and reduced his right to receive future benefits on the ground that he made a willful misrepresentation. He now appeals.

We affirm. General dissatisfaction with working conditions does not constitute good cause for leaving one's employment (*see Matter of Giovati [Commissioner of Labor]*, 4 AD3d 598, 598 [2004]; *Matter of Fierro [Commissioner of Labor]*, 306 AD2d 672, 673 [2003]). Claimant testified that he was unhappy with many aspects of his job, including the work schedule, paycheck and assignments, and also felt that he was mistreated because he was an immigrant. Although claimant apparently also did not like waiting for driving assignments, he was compensated for this time. Under these circumstances, substantial evidence supports the Board's finding that he left his job for personal and noncompelling reasons. Moreover, inasmuch as claimant inaccurately represented that he was laid off, substantial evidence also supports the Board's finding that he made a willful misrepresentation (*see Matter of Cherry [Commissioner of Labor]*, 18 AD3d 937, 938 [2005]; *Matter of Sangiorgio [Commissioner of Labor]*, 13 AD3d 793, 794 [2004]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.