■ In the Matter of the Claim of GERONIMA C. JIMENEZ, Appellant. A & L PEN MANUFACTURING CORPORATION, Respondent; COMMISSIONER OF LABOR, Respondent. [811 NYS2d 481]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 13, 2005, which ruled that claimant was

disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was fired from her employment as a machine operator after she failed to return to work at the end of an authorized bereavement leave and did not notify the employer that her return would be delayed. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct. This appeal ensued.

It is well settled that an employee's failure to return to work or contact the employer following an authorized leave of absence can constitute disqualifying misconduct (*see Matter of Oakford [Commissioner of Labor]*, 306 AD2d 671 [2003]; *Matter of Raykina [Commissioner of Labor]*, 304 AD2d 940 [2003]; *Matter of Cranston [Commissioner of Labor]*, 294 AD2d 694 [2002]). Although claimant maintains that she booked the first available flight home and could not contact the employer because she was staying in a rural area that did not have telephones, she also testified that she made several trips to a nearby city during her bereavement leave where she had access to a telephone. Under these circumstances, we find substantial evidence to support the Board's decision that claimant, having neglected to take reasonable steps to protect her employment, lost her job due to disqualifying misconduct (*see Matter of Cranston [Commissioner of Labor], supra* at 694-695).

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.