■ In the Matter of the Claim of PHILLIP L. HILL, II, Appellant. COMMISSIONER OF LABOR, Respondent. [829 NYS2d 734]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 25, 2006, which ruled, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant began working at a bank as a senior collection agent on July 18, 2000. He was granted a medical leave of absence from June 15, 2004 until July 12, 2004 and an unpaid leave of absence until August 9, 2004. Thereafter, he sought to extend his unpaid leave of absence through September 28, 2004, but

failed to provide his employer with requested medical documentation. His employment was terminated for failure to return from leave. Claimant subsequently applied for and received unemployment insurance benefits totaling $346. The Unemployment Insurance Appeal Board, however, subsequently ruled that he was disqualified from receiving benefits because he voluntarily left his employment without good cause. In addition, the Board charged claimant with a recoverable overpayment pursuant to Labor Law § 597 (4) and reduced his right to receive future benefits by eight effective days based upon the fact that he made a willful misrepresentation. Claimant appeals.

We affirm. An employee's failure to return to work following an authorized leave of absence (*see Matter of Martinez [Commissioner of Labor]*, 306 AD2d 745 [2003]; *Matter of Oakford [Commissioner of Labor]*, 306 AD2d 671 [2003]) or failure to provide medical documentation supporting an extended leave request (*see Matter of Furman [Commissioner of Labor]*, 304 AD2d 953, 953 [2003]) may disqualify him or her from receiving unemployment insurance benefits. Here, the employer's representative testified that claimant did not provide requested medical documentation and that his request for an extension of his unpaid leave was never approved. Although claimant stated that his unpaid leave was extended indefinitely without the necessity of providing additional paperwork, this presented a credibility issue for the Board to resolve (*see Matter of Oakford [Commissioner of Labor], supra*). Furthermore, to the extent that claimant falsely represented that he was laid off due to a lack of work on his application for unemployment insurance benefits, substantial evidence supports the Board's finding that he made a willful misrepresentation (*see Matter of Enneddam [Commissioner of Labor]*, 20 AD3d 800, 801 [2005]). Accordingly, we find no reason to disturb the Board's decision.

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.