■ In the Matter of the Claim of ALLISON CONESCU, Appellant. COMMISSIONER OF LABOR, Respondent. [889 NYS2d 710]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 11, 2008, which, upon reconsideration, among other things, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct.

Beginning in June 2005, claimant was employed as a teacher at an early childhood development center. In May 2007, claimant received an unsatisfactory performance evaluation that addressed concerns regarding her attendance, among other things. In August 2007, she discovered that she had not received the informational packet for the upcoming year in the mail, which included the staff's starting date, traditionally the Wednesday following the Labor Day holiday. Shortly thereafter, claimant moved and sent an e-mail to the school office, which is closed during the month of August, giving her new address and inquiring about the packet. Claimant also called the office and left a similar message. Claimant did not inquire as to the starting date for the school year in either the e-mail or the phone message and made no further efforts to ascertain when she was required to return to work.

On September 5, 2007, the Wednesday following the Labor Day holiday, the center held its opening staff meeting. When claimant failed to attend, the center contacted her and she stated that she was in New Orleans. Following her failure to attend her first scheduled day of work, claimant's employment was terminated. Ultimately, the Unemployment Insurance Appeal Board determined that claimant was disqualified from receiving benefits on the basis of misconduct. Upon reopening and reconsideration, the Board adhered to its original decision, prompting this appeal.

We affirm. "[A]n employee's failure to return to work or contact the employer following an authorized leave of absence can constitute disqualifying conduct" (*Matter of Jimenez [A & L Pen Mfg. Corp.—Commissioner of Labor]*, 27 AD3d 941, 942 [2006]; *see Matter of Cranston [Commissioner of Labor]*, 294 AD2d 694, 694 [2002]). Here, although staff had reported to work the week of Labor Day every year that claimant had worked at the center, and despite the performance review that indicated a concern with her attendance, claimant made no attempt to confirm her start date as that time approached. In fact, claimant decided to leave town during the first week in September. Accordingly, as claimant failed to take reasonable steps to protect her employment, we find that the Board's determination that claimant was disqualified from receiving benefits due to misconduct was supported by substantial evidence (*see Matter of Cranston [Commissioner of Labor]*, 294 AD2d at 694-695).

Cardona, P.J., Spain, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.