In the Matter of the Claim of LESTER A. PETERS, Appellant. JANUS ELEVATOR PRODUCTS, Respondent; COMMISSIONER OF LABOR, Respondent. [904 NYS2d 792]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 25, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a material handler for an elevator company for approximately three years. He received his employer's approval to take a vacation, but failed to report to work on the date that he was scheduled to return. His employment was terminated as a result. The Unemployment Insurance Appeal Board disqualified him from receiving unemployment insurance benefits on the ground that his employment was terminated due to misconduct. Claimant appeals.

We affirm. The failure to return to work following an authorized absence has been found to constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits (*see Matter of Conescu [Commissioner of Labor]*, 67 AD3d 1234, 1235 [2009]; *Matter of McCullough [Publisher's Clearing House—Commissioner of Labor]*, 307 AD2d 567, 568 [2003]). Here, it is undisputed that claimant did not report to

work as scheduled at the end of his authorized vacation. Although he maintained that he experienced problems with customs that delayed his return for several days, he admittedly did not provide the employer with requested documentation to substantiate his claim. In addition, the employer's representative testified that claimant left a message advising that he could not return to work on the date scheduled, but failed to indicate when he could return to work. Although claimant maintained that he advised the employer's representative of his return date, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Alvarado [Commissioner of Labor]*, 273 AD2d 563, 564 [2000]). Given that claimant was absent from work without authorization and did not take the steps necessary to protect his employment, substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct (*see Matter of Jimenez [A & L Pen Mfg. Corp.— Commissioner of Labor]*, 27 AD3d 941, 942 [2006]). Therefore, we decline to disturb its decision.

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.