■ In the Matter of the Claim of RICHARD A. ABEND, Appellant. STAFFWORKS, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [924 NYS2d 585]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 27, 2010, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked part time as in-house counsel for Staffworks, Inc. (hereinafter employer) and was paid a salary with bonuses and provided health insurance. After heart surgery in April

2008, he went on disability leave. Shortly thereafter, he was informed that the employer did not pay health insurance premiums for inactive employees. Rejecting less expensive alternatives to supplement his Medicare entitlement, claimant elected to continue his insurance and make the premium payments himself. Approximately six months later, claimant was released to return to work, but filed a claim for unemployment insurance benefits. Finding claimant's separation from employment involuntary, the Department of Labor determined that claimant was eligible for unemployment insurance benefits. After a hearing requested by the employer, the Administrative Law Judge found that claimant voluntarily quit his employment, but quit with good cause because the employer substantially changed the terms and conditions of his employment by discontinuing payment of his health insurance premiums. On appeal, the Unemployment Insurance Appeal Board reversed, finding that claimant voluntarily separated from employment without good cause.

We affirm. The failure to return to work following an authorized medical leave of absence has been found to be a reason for disqualifying a claimant from receiving unemployment insurance benefits (*see Matter of Hill [Commissioner of Labor]*, 37 AD3d 931, 932 [2007], *lv denied* 9 NY3d 807 [2007]; *Matter of Maricle [Commissioner of Labor]*, 16 AD3d 739, 740 [2005]). Here, although claimant's physician approved his return to work, he never informed his employer. Moreover, the employer's representative stated that claimant expressed his desire not to return because he was not feeling well. Claimant testified that, for various reasons, he thought that his job had been eliminated. He conceded, however, that the employer never informed him of this fact and he never asked the employer if he could return to work. The employer's accounting manager testified that it was company policy not to pay insurance premiums for any inactive employee. Under these circumstances, substantial evidence supports the Board's finding that claimant voluntarily left his position without good cause. We need not address his remaining claim inasmuch as the decision under review made no findings with respect to any false statements that were allegedly made by claimant to obtain benefits.

Peters, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.