*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                    519291
_____

In the Matter of the Claim of
    WILEY CUNNINGHAM,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   January 20, 2015

Before:   McCarthy, J.P., Rose, Lynch and Clark, JJ.

                        _____


        Wiley Cunningham, Rochester, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Linda D. Joseph of counsel), for respondent.

                        _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed September 20, 2013, which, among other things, ruled
that claimant was disqualified from receiving unemployment
insurance benefits because he voluntarily left his employment
without good cause.

        Substantial evidence supports the decision of the
Unemployment Insurance Appeal Board finding that claimant, a
driver for a wheelchair transportation service, voluntarily left
his employment without good cause.  The record establishes that
after claimant was injured on the job and sought medical
treatment, he was cleared to return to work with restrictions.
Notwithstanding the fact that the employer informed claimant that
work was available within those restrictions, claimant continued
to postpone his return until consulting with additional medical
providers.  Although the employer subsequently attempted to
contact claimant about his employment through a certified letter,

claimant did not receive the letter because he failed to update his address with the employer.  Ultimately, the employer met with claimant and informed him that he was to return to work by a specified date or produce medical documentation substantiating his position that he was unable to perform his job duties.  Thereafter, claimant failed to report to work or provide any medical documentation in accordance with the employer's instructions.

        Given claimant's failure to take reasonable steps to protect his employment, we find no reason to disturb the Board's decision (see Matter of Bellinger [Commissioner of Labor], 104 AD3d 1034, 1034-1035 [2013]; Matter of Felder [McRoberts Protective Agency, Inc.-Commissioner of Labor], 21 AD3d 1175, 1176 [2005]; Matter of Maricle [Commissioner of Labor], 16 AD3d 739, 740 [2005]).  To the extent that claimant and the employer offered conflicting testimony regarding the events surrounding his separation from employment, this presented a credibility issue for the Board to resolve (see Matter of Canty [Commissioner of Labor], 49 AD3d 943, 943-944 [2008]).  Further, we find no reason to disturb the Board's finding that claimant made a willful misrepresentation given that he stated on his application for unemployment insurance benefits that he was discharged from his position even though continuing work was available to him (see Matter of Hill [Commissioner of Labor], 37 AD3d 931, 932 [2007], lv denied 9 NY3d 807 [2007]; Matter of Maricle [Commissioner of Labor], 16 AD3d at 740).

        McCarthy, J.P., Rose, Lynch and Clark, JJ., concur.


        ORDERED that the decision is affirmed, without costs.




                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court