Matter of Jianli Li (Commissioner of Labor) (2019 NY Slip Op 02200)





Matter of Jianli Li (Commissioner of Labor)


2019 NY Slip Op 02200


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

527665

[*1]In the Matter of the Claim of JIANLI LI, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: February 8, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Pritzker, JJ.


Soong & Liu, New York City (Arthur J. Soong of counsel), for appellant.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 18, 2018, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
From 2010 to March 28, 2017, claimant was employed as a part-time payroll comptroller. On March 21, 2017, after claimant failed to, among other things, report to work on three consecutive Saturdays, the employer issued claimant a formal warning letter advising her that she was to be placed on a three-month probationary period, during which time she would be immediately discharged for any additional disciplinary incident. The warning letter further advised claimant that she was expected to work three five-hour days in the office, which included every Saturday. Claimant did not report to work thereafter and, as a result, was informed in a March 28, 2017 letter that her employment was terminated. Claimant applied for unemployment insurance benefits, and the Unemployment Insurance Appeal Board ultimately found that claimant was disqualified from receiving such benefits because her employment was terminated due to misconduct. Claimant appeals.
We affirm. "Whether a claimant has engaged in disqualifying misconduct is a factual question for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (Matter of Pierre [FJC Sec. Servs., Inc.-Commissioner of Labor], 141 AD3d 1069, 1069 [2016] [internal quotation marks and citation omitted], lv dismissed 29 NY3d 1143 [2017]; accord Matter of Puello [Commissioner of Labor], 140 AD3d 1514, 1514 [2016]; Matter of Hector [Commissioner of Labor], 128 AD3d 1258, 1259 [2015]). Although claimant acknowledged at the hearing that she received the warning letter on March 21, 2017, which instructed her to work at the office on Saturdays, she contended that both her employment agreement and longstanding employment practice while working for the former treasurer permitted her to work from home on Saturdays. Contrary to claimant's contention, however, the employment agreement contained no provision allowing claimant to work from home. Further, it was not disputed that claimant failed to report to work on Saturday, March 25, 2017 — as well as the prior March 2017 Saturdays in question — despite being expressly warned and advised by the employer's president that she was required to do so. As it is well settled that a "claimant's unauthorized absence from work, especially after repeated warnings, may constitute disqualifying misconduct" (Matter of Almanzar [Commissioner of Labor], 65 AD3d 1418, 1418 [2009] [*2][internal quotation marks and citation omitted]; see Matter of Maldonado [Good Day Apts., Inc.-Commissioner of Labor], 118 AD3d 1246, 1247 [2014]; Matter of Rosa [Commissioner of Labor], 107 AD3d 1280, 1281 [2013]; Matter of Kirilytchev [Central Moving & Stor. Co., Inc.-Commissioner of Labor], 102 AD3d 1023, 1023 [2013]), the Board's finding of misconduct is supported by substantial evidence in the record, and we decline to disturb it (see Labor Law § 593 [3]; Matter of Rivers [Carbone Auto Group-Commissioner of Labor], 77 AD3d 1010, 1011 [2010]; Matter of Peters [Janus El. Prods.-Commissioner of Labor], 74 AD3d 1680, 1680-1681 [2010], lv dismissed 15 NY3d 950 [2010]).
Garry, P.J., Egan Jr., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.