Matter of Lamo (Commissioner of Labor) (2022 NY Slip Op 03432)





Matter of Lamo (Commissioner of Labor)


2022 NY Slip Op 03432


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

533958
[*1]In the Matter of the Claim of Kalsang Lamo, Appellant. Commissioner of Labor, Respondent.

Calendar Date:April 19, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and McShan, JJ.

New York Legal Assistance Group, New York City (Ciara Farrell of counsel), for appellant.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.



Aarons, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 20, 2020, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant was employed as a cashier and kitchen assistant with the employer, a grocery and lunch service, beginning in September 2018. On March 23, 2020, claimant requested, and was granted, an unpaid two-week leave of absence from the employer due to fears and family obligations related to the Covid-19 pandemic. Roughly two weeks after commencing her leave of absence, claimant did not return to work and did not contact the employer for an extension of her leave. She instead filed a claim for unemployment insurance benefits citing a "lack of work" related to the Covid-19 pandemic. Despite the employer's assurances to claimant that her job had been "available and open" to her, claimant did not request an extension of her leave of absence or make arrangements to return to the work schedule. The employer thereafter terminated claimant's employment. Based upon her application for benefits, claimant ultimately received $3,150 in unemployment insurance benefits and $8,400 under the Coronavirus Aid, Relief, and Economic Security Act for the benefit period (see 15 USC § 9021, as added by Pub L 116—136, 134 Stat 313).
The Department of Labor subsequently disqualified claimant from receiving benefits, finding that she had voluntarily separated from her employment without good cause, and charged her with recoverable overpayments of the unemployment insurance benefits (see Labor Law § 597 [4]) and federal benefits (see 15 USC § 9023 [f] [2]) that she had received, among other things. Following a hearing, an Administrative Law Judge (hereinafter ALJ), as is pertinent here, upheld the determination disqualifying claimant from receiving benefits and charging her with recoverable overpayments. The Unemployment Insurance Appeal Board affirmed. Claimant appeals.
We affirm. Whether a claimant has voluntarily left his or her employment without good cause is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence, despite evidence in the record that could support a contrary result (see Matter of Colon [Staffing Solutions Org. LLC-Commissioner of Labor], 179 AD3d 1417, 1418 [2020]; Matter of Xavier [Commissioner of Labor], 172 AD3d 1812, 1812 [2019]). "[T]he failure to return to work or to contact the employer following the expiration of an authorized leave of absence may disqualify a claimant from receiving unemployment insurance benefits" (Matter of Raykina [Commissioner of Labor], 304 AD2d 940, 940 [2003] [citations omitted]; see Matter of Hill [Commissioner of Labor], 37 AD3d 931, 932 [2007], lv denied 9 NY3d 807 [2007]; Matter of Martinez [Commissioner of Labor], 306 AD2d 745, 745 [2003]).
The Board found that, although claimant did [*2]not indicate a specific return date, her request for a leave of absence from the employer was for a two-week period and there was no discussion or approval of a leave of absence for an indefinite period of time. Claimant thereafter failed to return to work or contact the employer after the expiration of the two-week period. Despite being informed by the employer that work was available to her, claimant did not contact the employer to make arrangements to return to the work schedule or request additional leave. Moreover, claimant, in her testimony and in a text message to the employer, admitted that she chose not to return to work due to concerns related to the COVID-19 pandemic. Claimant's conflicting testimony that she had requested and had been granted an indefinite leave of absence and intended to eventually return to her employment presented credibility issues for the Board to resolve (see Matter of Hill [Commissioner of Labor], 37 AD3d at 932). In view of the foregoing, substantial evidence supports the Board's decision that claimant voluntarily separated from her employment without good cause while continuing work was available (see Labor Law § 593 [1] [a]). Substantial evidence likewise supports the Board's determination that claimant inaccurately represented that she left her job due to a lack of work when applying for benefits, allowing for recoverable overpayments (see Matter of Frederick [Commissioner of Labor], 197 AD3d 1456, 1458 [2021]; Matter of Franklin [Commissioner of Labor], 141 AD3d 1067, 1068-1069 [2016]; Matter of Stelmach [Commissioner of Labor], 106 AD3d 1353, 1354 [2013]).
Claimant's contention that her due process rights were violated when the ALJ permitted the employer to cross-examine her following closing arguments is unpreserved for our review in the absence of an appropriate objection (see Matter of Pedigo [Townhouse Apts. at Lido Beach-Commissioner of Labor], 57 AD3d 1188, 1189 [2008]; Matter of DeCarlo [Commissioner of Labor], 6 AD3d 1003, 1003 [2004]; Matter of Barrett [Eastman Kodak Co.-Commissioner of Labor], 270 AD2d 675, 676 [2000]). In any event, we perceive no error, as the technical rules of evidence and procedure are not applicable to hearings regarding unemployment insurance benefits (see Labor Law § 622 [2]; 12 NYCRR 461.4 [a]; Matter of Barrett [Eastman Kodak Co.-Commissioner of Labor], 270 AD2d at 675). Furthermore, the record reflects that the employer's cross-examination was limited to an issue raised by claimant for the first time during her closing arguments and claimant's counsel was thereafter permitted to make additional remarks in response (see generally Matter of Santana [Commissioner of Labor], 263 AD2d 564, 565 [1999]). Claimant's remaining contentions have been examined and found to be unpersuasive.
Lynch, J.P., Clark, Colangelo and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.