Matter of Cabrera (Commissioner of Labor) (2023 NY Slip Op 02160)

Matter of Cabrera (Commissioner of Labor)

2023 NY Slip Op 02160

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

535704
[*1]In the Matter of the Claim of Yokasta Cabrera, Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 29, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Legal Services of Central New York, Inc., Syracuse (James M. Williams of counsel), for appellant.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Aarons, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 14, 2022, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant was employed as a hotel housekeeper when she fell ill with COVID-19 symptoms on July 24, 2020 and left work. Claimant saw a doctor that same day and, having tested negative for COVID-19, was cleared to return to work four days later. On July 27, 2020, claimant spoke with her supervisor over the phone and, after informing her that she was still feeling ill, was advised to provide an additional doctor's note before returning to work. The next day, claimant provided the employer with an updated doctor's note stating that she could return to work on August 2, 2020. Notwithstanding being medically cleared to return to work and being on the employer's work schedule for the week of August 2, 2020, claimant did not return to work. Having previously applied for unemployment insurance benefits in 2019, claimant certified for benefits for the time period in question. Based upon her certifications, claimant received unemployment insurance benefits, as well as federal pandemic unemployment compensation, pandemic emergency unemployment compensation and lost wage assistance pursuant to the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021, as added by Pub L 116—136, 134 US Stat 281, 313; 44 CFR 206.120).
The Department of Labor thereafter held that claimant was not eligible to receive unemployment insurance benefits beginning July 25, 2020 on the basis that she had voluntarily separated from her employment without good cause, as well as for the period from July 25, 2020 through August 1, 2020 because she was not then capable of working. Accordingly, the Department charged claimant with a recoverable overpayment of the state and federal funds received and, further, imposed a total loss of 24 effective days and a monetary penalty. Various hearings ensued, after which an Administrative Law Judge upheld the initial determinations, finding, among other things, that claimant was not eligible to receive benefits during the time period for which she certified and that she had made willful misrepresentations to obtain benefits. The Unemployment Insurance Appeal Board affirmed the Administrative Law Judge's decision, prompting this appeal by claimant.
We affirm. "Whether a claimant has voluntarily left his or her employment without good cause is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence, despite evidence in the record that could support a contrary result" (Matter of Lamo [Commissioner of Labor], 205 AD3d 1297, 1297-1298 [3d Dept 2022] [citations omitted]). In this regard, a claimant may be disqualified from receiving unemployment insurance benefits where he or she fails to return to work [*2]or to take reasonable steps to protect his or her employment following the expiration of an authorized leave of absence (see id. at 1298; Matter of Cunningham [Commissioner of Labor], 126 AD3d 1208, 1209 [3d Dept 2015]; Matter of Abend [Staffworks, Inc.-Commissioner of Labor], 83 AD3d 1334, 1335 [3d Dept 2011]).
It is undisputed that claimant left work on July 24, 2020 due to illness and that, ultimately, she was cleared by a medical provider to return to work on August 2, 2020. Further, claimant admittedly failed to report to work after she was medically cleared to do so. Her supervisor testified that, having been informed that claimant could return to work, she assigned shifts to claimant and provided her with her work schedule over the phone. Although the supervisor admitted to having later blocked claimant's number on her personal phone, she nevertheless remained available to discuss scheduling matters with claimant at the workplace or by calling the employer's phone number. Claimant's conflicting testimony that she had not received her upcoming work schedule presented a credibility issue for the Board to resolve (see Matter of Lefkow [Commissioner of Labor], 208 AD3d 1408, 1410 [3d Dept 2022]; Matter of Lamo [Commissioner of Labor], 205 AD3d at 1298). As such, the Board's determination that claimant voluntarily separated from her employment without good cause and was thus ineligible for unemployment insurance benefits is supported by substantial evidence (see Matter of Cunningham [Commissioner of Labor], 126 AD3d at 1209; Matter of Raykina [Commissioner of Labor], 304 AD2d 940, 940-941 [3d Dept 2003]). In view of the Board's finding that claimant was ineligible to receive state unemployment insurance benefits, she was also not eligible to receive federal pandemic assistance under the CARES Act (see Matter of Chin [Commissioner of Labor], 211 AD3d 1263, 1264 [3d Dept 2022]; Matter of Magassouba [Commissioner of Labor], 209 AD3d 1089, 1091-1092 [3d Dept 2022]).
As to the recoverable overpayment of her state and federal benefits, claimant indicated that she was ready, willing, and able to work for the time period between July 25, 2020 and August 1, 2020 when certifying for benefits, despite not having been medically cleared to return to work at that time. Thereafter, claimant again certified for benefits citing a lack of work despite evidence in the record that her supervisor had informed her that she had been returned to the employer's work schedule following her authorized medical leave of absence. Accordingly, "we find no reason to disturb the Board's factual conclusion that claimant made willful misrepresentations to obtain benefits, or [its] resulting imposition of recoverable overpayments [of her state unemployment insurance benefits], forfeiture and penalties" (Matter of Mikheil [Commissioner of Labor], 206 AD3d 1422, 1425 [3d Dept 2022]). Claimant was likewise properly charged with recoverable overpayments for the federal benefits that [*3]she received (see Matter of Frederick [Commissioner of Labor], 197 AD3d 1456, 1458 [3d Dept 2021]).
Egan Jr., J.P., Lynch, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.